IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(BALTIMORE DIVISION)

|  |  |  |
|---|---|---|
| BALTIMORE SPORTS & SOCIAL CLUB, INC.<br>2900 Normandy Drive<br>Ellicott City, MD 21043 | * | |
| | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | |
| SPORT & SOCIAL, LLC<br>101 W. Dickman Street<br>Suite 300<br>Baltimore, MD 21230 | * | |
| | * | |
| | * | CASE NO: 1:16-cv-2953 |
| and | * | |
| GIOVANNI MARCANTONI<br>101 W. Dickman Street<br>Suite 300<br>Baltimore, MD 21230 | * | |
| | * | |
| | * | |
| Defendants. | * | |
| | * | |

*   *   *   *   *   *   *   *   *   *   *   *   *

## COMPLAINT

Plaintiff, Baltimore Sports & Social Club, Inc. ("BSSC"), by and through its undersigned attorneys, files this Complaint and states as follows:

## PARTIES

1.      Plaintiff is, and at all times herein mentioned was, a corporation organized and existing under the laws of the State of Maryland with its principal place of business located at 2900 Normandy Drive, Ellicott City, Maryland 21043.

2.      Defendant Sport & Social, LLC is, and at all times herein mentioned was, a limited liability company organized and existing under the laws of the State of Delaware, with a principal place of business in Baltimore, Maryland, at 101 W. Dickman St., Suite 300, Baltimore, Maryland 21230. Defendant actively engages in business in the State of Maryland, and has registered with the Maryland State Department of Assessments and Taxation as a foreign entity qualified to do business in Maryland.

3.      Defendant Marcantoni is an individual with a principal place of business in Baltimore from which he operates Defendant Sport & Social, LLC. He is frequently in Baltimore to direct the activities of Defendant Sport & Social, LLC and interface directly with its customers and vendors in Baltimore.

## JURISDICTION AND VENUE

4.      This Court has subject matter jurisdiction over Plaintiff's Lanham Act claims pursuant to 28 U.S.C. §§ 1331 and 1338 (a) and (b) in that this case arises under federal trademark laws (15 U.S.C. § 1121).

5.      This Court has supplemental jurisdiction over Plaintiff's pendant state law claims pursuant to 28 U.S.C. § 1367.

6.      This Court has personal jurisdiction over Defendants because Defendants maintain places of business in Maryland, and engage in business on a regular basis in Maryland, including in Baltimore.

## FACTS

**Baltimore Sports & Social Club, Inc.**

7.      Richard Michael Cray ("Mr. Cray") established BSSC in the Baltimore market in 1998, and in July of 2000, Mr. Cray incorporated the Plaintiff in the state of Maryland.  BSSC is

a non-competitive co-ed sports league, offering adults opportunities to participate on various team sports based on their athletic ability. BSSC members sign up for co-ed softball, dodgeball, wiffleball, volleyball, football and kickball among many other sports. BSSC has operated in the Baltimore area since 1998 using the service mark BALTIMORE SPORTS AND SOCIAL CLUB (the "Plaintiff Mark"), and has had as many as 20,000 members at one time.

8.      BSSC registered the Plaintiff Mark as a design plus words (disclaiming the words because at the time, 2003, the words were challenged as merely descriptive) with the United States Patent and Trademark Office on March 14, 2006. The registration number was 3067422. The mark was cancelled on October 19, 2012 because Plaintiff did not file a declaration of use of the mark in commerce under 15 U.S.C. § 1058. In continuous use since 1998, Plaintiff's designs and word marks have acquired secondary meaning – that is, they are associated with Plaintiff by consumers and would-be consumers of Plaintiff's services. In addition to the Plaintiff Mark, a word mark, the colors black and yellow, the Maryland State flag, and other features are part of, and used by Plaintiff as, its service mark, and they are collectively represented below in Plaintiff's logo (the "Logo").



Defendant Sport & Social, LLC's website and its marketing employ marks similar to the Plaintiff Mark, the colors black and yellow, and the Maryland State flag, as reproduced below.

   



9.     The primary concept employed by BSSC, in which it employs the Plaintiff Mark, is the solicitation and subscription of individuals as members who play sports on teams organized by BSSC. Only registered players are allowed on each team.

10.     For each sport, BSSC provides a detailed rule book bearing the Plaintiff Mark and Logo and knowledgeable, experienced referees to officiate each game. BSSC staff wears shirts bearing the Plaintiff Mark and Logo, which are pictured below.



11.     At times, BSSC provides players with quality equipment, for example, matching team shirts, helmets, volleyballs, nets, and broomball sticks. The shirts, volleyball nets, broomball helmets, cones on the field, and signs in the dugout of each softball field and football field bear the Plaintiff Mark and Logo.

12.     The facilities BSSC provides to its players for various sports are always supervised, clean, organized and well managed. Most outdoor sports are played at Patterson Park in Baltimore's Canton neighborhood. BSSC expended money to drastically improve the condition of Patterson Park for its players, including providing new benches for players, fences, portable toilet enclosures, park lighting, and aerating and seeding of the fields.

13.     Players register to play a BSSC sport by either registering as part of an entire, complete team with a group of people that they already know, or registering as a solo player who is matched with a team that needs additional players.

14.     BSSC's sports are co-ed, and a certain number of women are necessary to play. Each sport has a component that requires female participation. For example, in volleyball, a woman must touch the ball before it can be returned over the net. Similarly, in football, every third offensive play, also known as a "gender play," must involve a woman's participation to either throw or receive a pass.

15.     BSSC has a commercial sponsorship with Miller Brewing Company ("Miller"). Players receive discounts on Miller Lite when they visit designated bars in Canton and elsewhere that agreed to participate with Miller and BSSC. The result is that these establishments become crowded on weeknights, as well as Saturday and Sunday afternoons, with young, athletic men and women who are members of the BSSC.

16.     Upon information and belief, the sponsorship of BSSC by Miller caused sales of Miller Lite in Canton to rise sixty-five percent.

17.     Upon information and belief, Defendants have approached bars in Baltimore that have made agreements as aforesaid with Plaintiff and told them if they do not cease their Miller sponsorships, BALTIMORE SOCIAL members will not patronize their bars.

18.     BSSC promotes itself using the Plaintiff Mark and Logo in the Baltimore community and elsewhere through participation in charitable events. Examples of BSSC's participation in these events include,

     a.  Hosting an annual two-hand touch "Santa Claus Anonymous Charity Football Event" in December to benefit Santa Claus Anonymous. Approximately 1,500 players participate in the event, and promotional materials, such as shirts, bear the Plaintiff Mark and Logo.



     b.  Each year, BSSC is the leading purchaser of tickets to Baltimore Magazine's "Best of Baltimore" party, which directly benefits "The Family Tree," a non-profit whose mission is to educate parents and prevent child abuse.

c.  Supporting events at the Walter Reed National Military Medical Center for veterans and their families. Annual events include: Super Bowl Parties, Easter Egg Hunts, Christmas Party with Santa, Luncheons and BBQ's, Thanksgiving Dinner Baskets, Wares for Warriors, and engaging in the collection of personal items for hospitalized soldiers. Pictured below is an example of BSSC's name appearing on a promotional shirt for such an event.



d.  Recycling aluminum cans, and the proceeds received by it from that effort are donated to "Beans and Bread," a program within the St. Vincent DePaul Society of Baltimore that provides homeless persons with meals, healthcare, showers, and laundry, among other things.

## Sport & Social, LLC, also known as BALTIMORE SOCIAL or BALTIMORE SOCIAL SPORTS

19.    In or about 2012, Defendant, Sport & Social, LLC, emerged as a provider of services in the Baltimore market, initially providing non-competitive leagues such as skeeball and cornhole. By 2014, however, Defendant was providing services in direct competition with BSSC and using marks to do so that were likely to cause confusion – BALTIMORE SOCIAL

and BALTIMORE SOCIAL SPORTS– and employing therewith a yellow and black logo, together with a rendition of the Maryland State flag, similar to the Logo, in Plaintiff's marketplace.

20.     Defendant's and Plaintiff's names, logos, services and methods of operation are similar; they run their leagues in the same locations. They have beer sponsorships; Plaintiff is with Miller and Defendant is with Budweiser.

**Instances of Actual Confusion**

21.     The Defendant's use of the marks BALTIMORE SOCIAL and BALTIMORE SOCIAL SPORTS, the yellow and black colors and the Maryland State flag are likely to cause confusion among Plaintiff's customers and potential customers, and they have caused actual confusion. Incidents of actual confusion include:

> a.   Players who thought they were playing in a BSSC league when in fact they were playing in Defendant's BALTIMORE SOCIAL league;
>
> b.   Receipt of email inquiries from BALTIMORE SOCIAL players regarding scheduling for soccer, a sport not offered by BSSC;
>
> c.   Receipt of inquiries on BSSC's Facebook page on a night when no BSSC games were scheduled, but there were BALTIMORE SOCIAL games.

**COUNT I**
**Trademark Infringement**
**(Violation of 15 U.S.C. § 1125(a))**
**(Sport & Social, LLC)**

22.     Plaintiff repeats and realleges each of the allegations contained in paragraphs 1 through 21 as if fully set forth herein.

23.     Plaintiff used the Plaintiff Mark and Logo in commerce approximately sixteen (16) years before Defendant Sport & Social, LLC adopted its confusingly similar marks, including color and design, for the same services, marketed to the same consumers as do Defendants.

24.     The aforesaid acts of Defendants constitute infringement of Plaintiff's trademark in violation of 15 U.S.C. §1125(a).

25.     The aforesaid acts of Defendants have caused, and are likely to continue to cause confusion, mistake or deception among consumers as to source of goods and the affiliation, connection or association of Defendants with Plaintiff.

26.     Defendant's infringing acts have caused, and if allowed to continue, will cause serious damage to Plaintiff's business, goodwill and profit, and will continue to cause confusion among Plaintiff's customers and potential customers.

**COUNT II**
**VICARIOUS INFRINGEMENT**
**(Defendant Marcantoni)**

27.     Plaintiff repeats and realleges each of the allegations contained in paragraphs 1 through 21 as if fully set forth herein.

28.     On information and belief, Defendant Marcantoni is the owner and manager of Defendant Sport & Social, LLC, and financially benefits from the infringing activities of Defendant Sport & Social, LLC.

29.     Defendant Sport & Social, LLC is directly infringing the Plaintiff Mark.

30.     Defendant Marcantoni is vicariously liable for the infringing acts of Defendant Sport & Social, LLC, as Sport & Social, LLC is the direct infringer, and Defendant Marcantoni owns and manages Sport & Social, LLC, has the authority to prevent the infringement from

occurring or to cause the infringement to occur, and benefits pecuniarily from the infringement he directs.

## COUNT III
### Unfair or Deceptive Trade Practices
### (Maryland Commercial Law, § 13-301)
### (All Defendants)

31.     Plaintiff repeats and realleges each of the allegations contained in paragraphs 1 through 21 as if fully set forth herein.

32.     Plaintiff used the Plaintiff Mark and Logo in commerce at least sixteen (16) years before Defendants did so, and in connection with the same services, marketed to the same consumers as do Defendants, and in the same geographical area.

33.     The aforesaid acts by Defendants, specifically the adoption of marks that are confusingly similar to Plaintiff's mark, constitute unfair competition because Defendants are trading on Plaintiff's reputation and have, and are likely to cause, confusion, mistake or deception among consumers as to the affiliation, connection or association of Defendants with Plaintiff, and/or as to the source, origin or sponsorship of Defendant Sport & Social LLC's products and services.

34.     Defendants' infringing acts have caused, and if allowed to continue, will cause serious damage to Plaintiff's business, goodwill and profit, and will continue to cause confusion among Plaintiff's customers.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for relief against the Defendants as follows:

1.     That this Court enter an order declaring that Defendants' use of BALTIMORE SOCIAL, BALTIMORE SOCIAL SPORTS, or any colorable imitation thereof, and the black

and yellow color scheme with the Maryland State flag, infringe upon the Plaintiff Mark and Logo.

2.      That this Court enjoin Defendants from using the marks to advertise club services.

3.      That this Court order an accounting of all profits that Defendants have derived from their infringing activities.

4.      That this Court, pursuant to the powers granted it under 15 U.S.C. § 1117, award to Plaintiff and against Defendants, jointly and severally, the profits earned by Defendants, trebled damages, the costs of this action, and reasonable attorneys' fees.

5.      That the Court award all other such and further relief as the Court deems just and proper.

Respectfully Submitted,

August 23, 2016                         _/s/ James B. Astrachan_____
                                        James B. Astrachan, Bar No. 03566
                                        ASTRACHAN GUNST THOMAS, P.C.
                                        217 East Redwood Street, Suite 2100
                                        Baltimore, Maryland 21202
                                        Telephone:  410.783.3550
                                        Facsimile:  410.783.3530
                                        jastrachan@agtlawyers.com

                                        _/s/ Catherine R. Lawrence_____
                                        Catherine R. Lawrence, Bar No. 29608
                                        LAWRENCE LAW, LLC
                                        135 Village Queen Dr., Suite B
                                        Owings Mills, MD 21117
                                        Telephone:  443.898.6193
                                        Facsimile:  443.595.7529
                                        Kate@lawrencelawmd.com

                                        *Attorneys for Plaintiff*